# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| RIDGEFIELD CHRISTIAN § | |
| SCHOOL, INC. § | CASE NO.:   3:15-bk-10029 |
| § | |
| Debtor § | |
| § | CHAPTER 11 |

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER
## CONFIRMING THE DEBTOR'S PLAN OF REORGANIZATION

RIDGEFIELD CHRISTIAN SCHOOL, INC. (the "Debtor") has proposed for confirmation its Plan of Reorganization, which it filed with the Court on May 28, 2015 [Docket No. 38-1] (as amended and/or modified by these Findings of Fact, Conclusions of Law and Order Confirming the Debtor's Plan of Reorganization, "Plan").  All capitalized terms, not otherwise defined herein, shall have the meanings ascribed to them in the Plan.

On May 28, 2015, the Debtor filed the Debtor's Disclosure Statement to Accompany the Plan [Docket No. 38] (the "Disclosure Statement").  After reviewing the Disclosure Statement, the Court entered an order approving the Disclosure Statement finding that it contained adequate information under Section 1125 of the Bankruptcy Code (the "Disclosure Statement Order"). The Disclosure Statement Order was entered on August 28, 2015.

Having considered the Plan, Disclosure Statement, and representations and arguments of counsel, and the evidence presented, THE COURT HEREBY FINDS AS FOLLOWS:

1.      The Debtor filed its petition on January 5, 2015.

2. The Plan, Disclosure Statement, and a ballot to accept or reject the Plan (each a "Ballot" and collectively, "Ballots") and other appropriate materials were transmitted to holders of Claims in accordance with the applicable Federal Rules of Bankruptcy Procedure.

3. Notice of the Confirmation Hearing was adequate; holders of Claims have received adequate notice and an opportunity to be heard and were accorded due process in the adjudication of the issues presented by confirmation of the Plan; acceptances of the Plan were solicited in accordance with Section 1125 of the Bankruptcy Code and other applicable Bankruptcy Code provisions. Pursuant to the Trust Indenture, the Bond Trustee provided reasonable, adequate, and sufficient notice to the holders of Allowed Bond Claims by providing notice through the Depository Trust and Clearing Corporation ("DTCC") of the (a) commencement of the Debtor's bankruptcy, (b) the Plan and the terms and conditions thereof, and (c) the date, time, and place of the Confirmation Hearing. Based on the representation and uncontroverted testimony of the Bond Trustee at the hearing on the Confirmation of the Plan, confirmation of the Plan is in the best interest of the holders of Allowed Bond Claims and the Bond Trustee is thus warranted and justified to accept the Plan on behalf of the holders of Allowed Bond Claims notwithstanding any provisions to the contrary in the Trust Indenture.

4. The following classes of Creditors have voted to accept, or are deemed to have accepted, the Plan:

| | | |
|---|---|---|
| Class 1 – Impaired | Series 2002A Bonds | Accepted |
| Class 2 – Impaired | Series 2002B Bonds | Accepted |
| Class 3 – Impaired | General Unsecured Claims Against Debtor | Accepted |

5. Class 1 and Class 2 are composed of Allowed Bond Claims, which such Allowed Bond Claims are represented by the Bond Trustee pursuant to the Trust Indenture. Class 3 is composed of General Unsecured Claims Against The Debtor, which is composed of one claim of one Creditor.

6. Pursuant to Section 1124 of the Bankruptcy Code, Classes 1, 2, and 3 are impaired and have accepted the Plan or are deemed to have accepted the Plan pursuant to Sections 1126 and 1129(a)(8) of the Bankruptcy Code.

7. Debtor has operated its businesses, and formulated and filed the Plan, obtained approval of the Disclosure Statement, and sought confirmation of the Plan all in good faith.

8. The classification of claims contained in the Plan is appropriate under Section 1122 of the Bankruptcy Code.

9. The Plan complies with Section 1123 of the Bankruptcy Code in that it, among other things, provides adequate means for its implementation.

10. The solicitation materials which the Debtor sent pursuant to the Disclosure Statement Order contained adequate information in accordance with Section 1125 of the Bankruptcy Code and were otherwise appropriate.

11. The Plan complies with the applicable provisions of the Bankruptcy Code as required by Section 1129(a)(1) thereof.

12. The Debtor has complied with the applicable provisions of the Bankruptcy Code as required by Section 1129(a)(2) thereof.

13. The Plan has been proposed in good faith by the Debtor and not by any means forbidden by law in compliance with Section 1129(a)(3) of the Bankruptcy Code.

14. The Plan is both (i) feasible and (ii) has the requisite support.

15. The Debtor has solicited acceptances of the Plan in good faith and in compliance with all applicable provisions of the Bankruptcy Code, including Section 1125(e). It has participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code in the offer, issuance, sale and purchase of any securities offered, issued or sold under the Plan, and the Court thus finds they are not liable for violation of any applicable law, rule or regulation governing the solicitation of acceptance or rejection of the Plan or the offer, issuance, sale or purchase of any securities in connection with the Plan.

16. The Bond Trustee has likewise provided reasonable, adequate, and sufficient notice to the holders of Allowed Bond Claims of the Plan and the terms and conditions thereof and has taken all actions reasonably necessary to apprise holders of Allowed Bond Claims of the Plan and the treatment of Allowed Bond Claims thereunder. Notwithstanding any provisions in the Trust Indenture requiring unanimous consent of the holders of Allowed Bond Claims, the Plan and the treatment of Allowed Bond Claims thereunder is in the best interests of the holders of Allowed Bond Claims. Accordingly, the Bond Trustee's acceptance of the Plan on behalf of holders of Allowed Bond Claims is proper, reasonable, and justified notwithstanding any provisions to the contrary in the Trust Indenture.

17. In the Plan and Disclosure Statement, the Debtor complied with Section 1129(a)(5) by disclosing the identity and affiliations of each of the individuals proposed to serve,

after the Effective Date of the Plan, as directors and/or officers of the Debtor, to the extent applicable. The continuance or appointment of such individuals to such offices is consistent with the interests of Creditors and Interest holders and with public policy. Section 1129(a)(5) requires the Debtor to disclose the identity of any insider that will be employed or retained by the Debtor, and the nature of any compensation for such insider that is being approved by Court (in the Plan or otherwise), as well as compensation which has been negotiated for any post-Effective Date officers and directors. To the extent applicable to the Debtor, this information was provided in the Plan and Disclosure Statement.

18. The Plan does not provide for any rate changes requiring the approval of a governmental regulatory commission as contemplated by Section 1129(a)(6) of the Bankruptcy Code.

19. With respect to each Impaired Class of Allowed Claims under the Plan, each holder of an Allowed Claim of such Class (i) has duly and timely accepted the Plan, or (ii) will receive or retain under the Plan on account of such Claim property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code as provided by Section 1129(a)(7) of the Bankruptcy Code.

20. With respect to each Class of Allowed Claims under the Plan, each Class has accepted the Plan or is not impaired under the Plan, as required by Section 1129(a)(8) of the Bankruptcy Code.

21. There do not exist any Claims against the Debtor of a kind specified in Sections 507(a)(2), 507(a)(3), 507(a)(4), 507(a)(5), 507(a)(6), 507(a)(7), or 507(a)(8) of the Bankruptcy Code, thus, making Section 1129(a)(9)(B) & (C) inapplicable to the Plan.

22. Impaired Classes 1, 2, and 3 have voted to accept the Plan, and the Court therefore finds that at least one impaired Class of Claims has accepted the Plan, which acceptance has been determined without including any acceptance of the Plan by any insider holding a Claim of such class as required by Section 1129(a)(10) of the Bankruptcy Code.

23. The Plan meets the requirements of Section 1129(a)(11) because it is feasible and not likely to be followed by liquidation or the need for further financial reorganization. This finding is premised on, among other things, the following findings:

 (a) All of the conditions to the Effective Date set forth in the Plan have been met, will be met prior to the Effective Date, or will be waived;

 (b) Debtor has established that it will have sufficient cash resources to satisfy all cash obligations due under the Plan on (or as soon as practical) after the Effective Date; and

 (c) Debtor has established that it should have sufficient liquidity to satisfy its obligations pursuant to the Plan.

24. All fees payable under 28 U.S.C. § 1930 have been paid, or the Plan provides for the payment of all such fees on the Effective Date as required by Section 1129(a)(12) of the Bankruptcy Code.

25. The Debtor has no obligations for retiree benefits, as that term is defined in Section 1114 of the Bankruptcy Code. Accordingly, Section 1129(a)(13) of the Bankruptcy Code is not applicable to the Debtor.

26. All documents necessary to implement the Plan, including without limitation, the New Bond Documents and New Security Documents, as they may be modified or amended prior to the Effective Date, and all other documents useful to consummation of the Plan shall, upon execution, be valid, binding and enforceable.

27. After the Effective Date, the Debtor shall continue to engage in its businesses.

Therefore, THIS COURT HEREBY CONCLUDES, as a matter of law, that:

1. This is a core proceeding within the meaning of 28 U.S.C. § 157.

2. As to all Classes, the Plan complies with all elements of Section 1129(a) of the Bankruptcy Code and is confirmable.

3. Findings of Fact may be considered Conclusions of Law, and vice versa, as appropriate.

Now, upon the motion of the Debtor and after due deliberation, the Court hereby ORDERS, ADJUDGES AND DECREES that:

1. The Findings and Conclusions of this Court set forth above shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052, made applicable to this matter by Bankruptcy Rule 9014.

2. To the extent that any provision designated herein as a Finding of Fact is more properly characterized as a Conclusion of Law, it is adopted as such.  To the extent that any provision designated herein as a Conclusion of Law is more properly characterized as a Finding of Fact, it is adopted as such.

3. The terms of the Plan are incorporated in this Order and shall be treated as a part hereof. The provisions of this Order are integrated with each other and are mutually dependent and not severable.

4. The Plan is confirmed in all respects pursuant to Section 1129 of the Bankruptcy Code.

5. For the purpose of amending and modifying the payments for the Allowed Bond Claims, and pursuant to 11 U.S.C. § 1127, Section 4.1(b) and 4.2(b), as they relate to the Allowed Series 2002A Bonds and the Allowed Series 2002B Bonds, are each amended and restated as follows and are incorporated into the Plan as if fully set forth therein for the purpose of making a nominal change to the payments by the Debtor on Allowed Bond Claims after the interest only payments under Sections 4.1(a) and 4.2(a) have concluded:

> Section 4.1(b):
>
> Months 37 through May 1, 2039, interest on the Allowed Series 2002A Bonds shall accrue at the rate of 3% and the Debtor shall make monthly payments to the Bond Trustee, which the Bond Trustee shall remit to the third party responsible for distributing payments under the Bonds to the holders thereof on a semi-annual basis, of accrued but unpaid interest and principal (the principal on the Effective Date being equivalent to the amount of the Allowed Series 2002A Bonds) shall be amortized such that the Allowed Series 2002A Bonds shall be fully repaid by maturity, such monthly payments to the Bond Trustee being in the approximate amount, subject to immaterial fluctuations from time to time, of $10,320.00.
>
> Section 4.2(b)
>
> Months 37 through May 1, 2039, interest on the Allowed Series 2002B Bonds shall accrue at the rate of 3% and the Debtor shall make monthly payments to the Bond Trustee, which the Bond Trustee shall remit to the third party responsible for distributing payments under the Bonds to the holders thereof on a semi-annual basis, of accrued but unpaid interest and principal (the principal on the Effective Date being equivalent to the amount of the Allowed Series 2002B Bonds) shall be

amortized such that the Allowed Series 2002B Bonds shall be fully repaid by maturity, such monthly payments to the Bond Trustee being in the approximate amount, subject to immaterial fluctuations from time to time, of $1,250.

6. The record of the Confirmation Hearing is closed.

7. In accordance with the Plan and Section 1141 of the Bankruptcy Code, and except as otherwise specifically provided herein, the consideration distributed under the Plan to holders of Claims shall be in exchange for and in complete satisfaction, discharge, release, and termination of, all Claims of any nature whatsoever against the Debtor or any of its assets or properties.

8. In accordance with Section 1141 of the Bankruptcy Code, the Plan and its provisions shall be binding upon the Debtor and its successors and any other entity created pursuant to the Plan, any Person or entity issuing securities under the Plan, any Person or entity acquiring or receiving property under the Plan, any lessor or lessee of property to or from the Debtor, and any holder of a Claim against the Debtor

9. In accordance with Section 1141 of the Bankruptcy Code, any property transferred or otherwise dealt with in the Plan (whether by transfer to third party or revesting in the Debtor) shall be free and clear of all Claims against the Debtor, except those specifically provided herein or in the Plan Documents, and all such property of the Debtor's estate (as defined in Section 541 of the Bankruptcy Code or other applicable law) that the Plan provides to revest in the Debtor shall so vest on the Effective Date free of any such Claims and Interests.

10. Each of the New Plan Documents, New Bond Documents, and New Security Documents are hereby approved in all respects, subject to any modifications or amendments that may be made to the same on or prior to the Effective Date.

11. In accordance with Section 1142 of the Bankruptcy Code, the Debtor, all parties in interest, and any other entity created or person designated pursuant to the Plan, the Plan Documents, New Bond Documents, and New Security Documents and, to the extent applicable, their directors, officers, agents, attorneys and representatives, are authorized, empowered and directed to forthwith issue, execute, deliver, file and record any of the Plan Documents, New Bond Documents, New Security Documents, or any other agreement, document, instrument or certificate referred to in or contemplated by the Plan or any Plan Document (collectively, the "Documents"), and to take any corporate or other action necessary, useful or appropriate to implement, effectuate and consummate the Plan in accordance with its terms. The Debtor and all parties in interest, and any other entity created or person designated pursuant to the Plan Documents, New Bond Documents, and New Security Documents shall comply with the terms and conditions thereof.

12. Pursuant to Section 1142(b) of the Bankruptcy Code, all holders of Claims that are dealt with under the Plan and, to the extent applicable, their directors, officers, agents, attorneys and representatives are directed to execute, deliver, file or record any document, and to take any and all actions necessary, useful or appropriate to implement, effectuate and consummate the Plan in accordance with its terms, and all such holders of Claims shall be bound

by the terms and provisions of all documents to be executed by them in connection with the Plan, whether or not such documents actually have been executed by such holders of Claims.

13. The Debtor is hereby authorized and directed to enter into, execute, or deliver the Plan Documents, New Bond Documents, and New Security Documents (each subject to any modification or amendments prior to their execution) on or soon after the Effective Date, and to take such actions and perform such acts as may be necessary or appropriate to implement the same. The Debtor shall be, and hereby is, authorized and directed to do or perform all acts, to make, execute and deliver all instruments or documents to implement the Plan Documents, New Bond Documents, and New Security Documents; provided that such instruments or documents are consistent with the Plan.

14. The Effective Date of the Plan shall be the first day after all conditions precedent to the occurrence of the Effective Date specified in the Plan have been satisfied or waived pursuant to the Plan. The stay of this order as provided by Fed. R. Bankr. P 3020(e) is hereby waived such that the fourteen (14) day stay provided thereunder shall not be applicable in this case.

15. Pursuant to Bankruptcy Rule 3020(c), subsequent to the occurrence of the Effective Date, the Debtor shall serve notice of the entry of this Order as provided in Bankruptcy Rule 2002(f) to all Creditors, and other parties in interest, to be sent by first-class mail, postage prepaid, except to such parties who may be served by hand or facsimile or overnight courier, which service is hereby authorized. The Bond Trustee is authorized and directed to provide notice of the entry of the Order to the holders of Allowed Bond Claims by transmitting such

notice to DTCC and upon the occurrence of the same such notice shall be deemed sufficient to provide notice to the holders of Allowed Bond Claims.

16. Notwithstanding confirmation of the Plan, this Court retains jurisdiction over the Debtor' Bankruptcy Cases pursuant to and for the purposes set forth in (a) Sections 105(a) and 1127 of the Bankruptcy Code, (b) the Plan and (c) for such other purposes as may be necessary or useful to aid in the confirmation and consummation of the Plan.

_____
RICHARD D. TAYLOR
UNITED STATES BANKRUPTCY JUDGE
Date: October 23, 2015

APPROVED AS TO FORM:

/s/ James F. Dowden
James F. Dowden
Counsel for Debtor-in-Possession

/s/ Jason N. Bramlett
Jason N. Bramlett
Counsel for First Security Bank, as Trustee
for Craighead County Public Facilities Board
Refunding and Capital Improvement Bonds
(Ridgefield Christian School, Inc. Project)

/s/ Joseph DiPietro
Joseph DiPietro
Office of the United States Trustee